IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHERLYN MOFFITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No.  08-3216 |
| ) | |
| SUPERVALU, INC. ) | |
| d/b/a SHOP 'N SAVE, ) | |
| a Delaware Corporation, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiff's Response to Notice of Removal (d/e 10), which the Court interprets as a Motion to Remand, and Plaintiff's Motion to Supplement Response to Notice of Removal (d/e 22). For the reasons stated below, both Motions are allowed.

## BACKGROUND

According to the Complaint, Plaintiff Cherlyn Moffitt was shopping at a Shop 'n Save store in Springfield, Illinois, on September 8, 2006, when she slipped in melted ice on the floor and fell.  See Notice of Removal (d/e 1), Exhibit 1, Summons and Complaint, at 3-4.  Moffitt sued Supervalu,

1

Inc. d/b/a Shop 'n Save (Supervalu), which she alleges owned the store at which she fell. On October 1, 2008, Supervalu removed this action.

Supervalu argues that removal is proper because this Court has diversity jurisdiction. Specifically, it contends that it is a citizen of Delaware and has its principal place of business in Minnesota, and Moffitt is a citizen of Illinois. To meet the jurisdictional amount, it states that Moffitt has demanded $135,000.00 to settle the claim. It provided the Court a copy of a letter to it from Moffitt's attorney dated January 15, 2008, in which Moffitt's attorney states that her medical bills totaled $13,318.57 and notes that his office previously made a settlement demand to which Supervalu, Inc. never responded. The letter states, "I note that the recommended settlement demand was for $135,000.00." <u>Notice of Removal</u>, Exhibit A, <u>Letter dated January 15, 2008</u>.

Moffitt disputes that the amount in controversy exceeds $75,000.00. She states that the reference to a prior settlement demand in her attorney's January 15, 2008, letter was a typographical error. According to Moffitt, the January 15, 2008, letter referred to prior letters sent on March 21,

2007, and May 30, 2007, in which she demanded only $35,000.00.[1] In the March 21, 2007, letter, Moffitt's attorney wrote, "My recommended demand to settle all issues as to the above matter on behalf on [sic] Cherlyn Moffitt is $35,000.00." Motion to Supplement Response to Notice of Removal, at 3. In the May 30, 2007, letter, he stated, "This should complete the information you need to respond to my recommended demand of $35,000.00 to settle all issues as to the above matter on behalf on [sic] Cherlyn Moffitt." Id. at 5. Supervalu has not responded to Moffitt's allegation of a typographical error.

## ANALYSIS

Removal is proper in any action that could have been filed in federal court originally. 28 U.S.C. § 1441. Supervalu bears the burden of establishing jurisdiction here, and it asserts that this Court has diversity jurisdiction. See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005). Under 28 U.S.C. § 1332, district courts have jurisdiction

---

[1] Moffitt's Response to Notice of Removal refers the Court to "attached previous demand letters to which Defendant's Exhibit A was referring," but she neglected to attach any such letters. Response to Notice of Removal, at ¶ 7. After the Court directed Moffitt to file copies of these letters, she filed her Motion to Supplement Response to Notice of Removal, which included copies of these letters. Because these letters are key evidence on the Objection to Removal, the Motion to Supplement Response to Notice of Removal is allowed.

over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Moffitt does not dispute Supervalu's allegations regarding citizenship, and if they are true, the parties are diverse. The issue is whether the amount in controversy actually exceeds $75,000.00.

Moffitt's Complaint asserts an amount in controversy "in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus cost of her suit herein." Notice of Removal, Exhibit 1, Summons and Complaint, at 5. Essentially, it provides only for a range of damages starting at $50,000.00. When the complaint at issue lacks a prayer for relief sufficient to establish the amount in controversy, a removing defendant must establish the size of the claim "in some other way." Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006). It need not show that the plaintiff will prevail or collect more than $75,000.00 if she does prevail, but it must demonstrate that she hopes to get more than $75,000.00. Id. at 816.

The Seventh Circuit has suggested several possible methods of doing so, including reference to the plaintiff's informal estimates or settlement demands. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006). At the start of litigation in Rising-Moore, another slip-and-fall

4

case, the plaintiff's lawyer told the defendant's counsel that his claim was worth between $180,000.00 and $200,000.00 and demanded $160,000.00 to settle the case. Rising-Moore, 435 F.3d at 815. The plaintiff sustained only $10,000.00 in direct medical costs and later dropped his settlement offer to $60,000.00, however. Id. at 816. The Seventh Circuit held that his initial estimate of between $180,000.00 and $200,000.00 established the amount in controversy and concluded that diversity jurisdiction existed. Id. The court explained:

> The $180,000 to $200,000 estimate is close in spirit to the *ad damnum* in a complaint; it makes sense to give it the same legal status. That the complaint is "early" in the case, and precedes discovery, does not diminish the jurisdictional effect of the demands it contains; no more does the timing of counsel's estimate rob it of consequence.

Id.

Thus, if Moffitt really made a settlement offer of $135,00.00, it would suffice to establish the jurisdictional amount. It would constitute an admission, through counsel, that she hoped to collect $135,000.00 in this case. Here, however, the only apparent demand for $135,000.00 comes in the January 15, 2008, letter, which refers to this figure as a prior settlement demand. Moffitt provided the Court prior settlement demands for

$35,000.00, however, and she claims that the $135,000.00 figure in the January 15, 2008, letter was a typographical error. Supervalu has provided the Court no evidence to counter Moffitt's claim of a typographical error. The Court concludes that Moffitt never truly estimated her claim at $135,000.00, and without this estimate, Supervalu, Inc. cannot establish an amount in controversy in excess of $75,000.00.

THEREFORE, Plaintiff's Response to Notice of Removal (d/e 10), which the Court interprets as a Motion to Remand, and Plaintiff's Motion to Supplement Response to Notice of Removal (d/e 22) are both ALLOWED. This case is remanded to the Circuit Court of Sangamon County, Illinois. All pending motions are denied as moot. This case is closed before this Court.

IT IS THEREFORE SO ORDERED.

ENTER:   May 6, 2009

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
        UNITED STATES DISTRICT JUDGE